## COUNT IX
## CONSPIRACY –
## DeGON & BRUCE

119. American Express repeats and realleges Paragraphs 1 through 118 of this Complaint as if fully set forth herein.

120. DeGon and Bruce conspired with each other to breach the duties and responsibilities set forth above.

121. As a result of Defendants' unlawful conspiracy, American Express has been injured and will continue to be injured unless and until DeGon and Bruce are restrained from their unlawful conduct.

## COUNT X
## COMPUTER FRAUD AND ABUSE ACT –
## DeGON & BRUCE

122. American Express repeats and realleges the allegations of paragraphs 1 through 121 of this Complaint as if fully set forth herein.

123. The Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, permits any person who suffers damage or loss by reason of the criminal activity prohibited by this federal criminal statute to bring a civil action for damages and injunctive relief.

124. From April 19, 2004 through May 11, 2004, Defendants knowingly and with intent to defraud, accessed protected computers – to wit, the computers owned by American Express – and by means of such conduct furthered the intended fraud and obtained things of value – to wit, confidential customer information – containing customer information belonging to American Express and used such information for their own purposes; and the object of the fraud and the thing obtained and the value of the use of the information is more than $5,000 in violation of federal criminal law. 18 U.S.C. §§ 1030(a)(4), (a)(5)(B).

125. By reason of the acts alleged herein, American Express has been injured and is continuing to be injured by Defendants' actions.

## COUNT XI
## INJUNCTIVE RELIEF –
## DeGON & BRUCE

126. American Express repeats and realleges the allegations of paragraphs 1 through 125 of this Complaint as if fully set forth herein.

127. Under the terms of the DeGon Franchise Agreement and Bruce Franchise Agreement, Defendants were obligated to, among other things:

(a) Cease representing themselves and holding themselves out as a franchisee of American Express;

(b) Cease using American Express' Proprietary Marks;

(c) Cease using American Express' signs and advertising materials;

(d) Cease using American Express' Confidential Information, confidential methods, procedures, and techniques;

(e) Cease using the telephone number and facsimile number used in the Independent Financial Advisor Business while affiliated with American Express;

(f) Return all client records;

(g) Cease using American Express' computer software and failing to erase, destroy, or remove such software from his computers; and

(h) Not solicit or assist others in soliciting American Express' clients to their new venture for a period of one year following the termination of their affiliation with AEFA.

128. When they terminated their affiliation with AEFA, DeGon and Bruce each were reminded, on or about May 6, 2004, of their obligations under the Franchise Agreement.

129. Despite their execution of the AEFA Franchise Agreement and knowledge of their obligations thereunder, both DeGon and Bruce have engaged in breaches of their respective Franchise Agreements to further their own interests in direct competition with AEFA.

130. In light of their ongoing actions and demonstrated unwillingness to comply with the reasonable requests of AEFA, and their ongoing retention of confidential client information, it is highly likely that DeGon and Bruce have solicited numerous clients both prior to and subsequent to their departure and are in the process of inducing these customers to discontinue doing business with AEFA.

131. If DeGon and Bruce, individually or in concert, are permitted to continue to keep AEFA client information, solicit clients, and retain other AEFA property while continuing to advertise that they are affiliated with AEFA, such conduct will cause irreparable harm.

132. AEFA is entitled to preliminary and permanent injunctive relief ordering DeGon and Bruce to discontinue their current actions, return AEFA's property, cease advertising themselves as affiliated with AEFA, and cease solicitation of AEFA customers.

**WHEREFORE**, American Express respectfully requests that the Court grant the following relief:

A. Direct both DeGon and Bruce to:

(i) Cease representing themselves, and holding themselves out, as a franchisee of American Express;

(ii) Cease using American Express' Proprietary Marks;

(iii) Cease using American Express' signs and advertising materials and to immediately remove all signs or other Proprietary Marks from their place of business;

(iv) Cease using American Express' Confidential Information, confidential methods, procedures, and techniques; and

(v) Disconnect all telephone numbers used while affiliated with American Express, including facsimile numbers.

B. Direct both DeGon and Bruce to immediately return all copies of American Express documents, including all American Express client records, financial plans, financial inventories and American Express computer software, in Defendants' possession or control.

C. Direct both DeGon and Bruce to immediately cease using American Express' computer software and, under the supervision of American Express, erase, destroy, or remove such software from their computers.

D. Direct both DeGon and Bruce to immediately cease accessing American Express' computer system.

E. Enjoin Defendants, their agents, servants, employees, officers, attorneys, successors, and assigns, and all persons, firms, and corporations acting in connection or participation with them or on their behalf, from:

(i) For a period of one year, directly or indirectly, soliciting any further business from any American Express client whom Defendants served or whose name became known to Defendants while either Defendant represented American Express;

(ii) Revealing or disclosing in any manner information contained in the records or files of American Express, including the names, addresses, or any financial information of any American Express client whom Defendants served or whose name became known to Defendants while either Defendant represented American Express;

(iii) Encouraging or inducing any American Express client whom Defendants served or whose names became known to Defendants while either Defendant represented American Express who have not already transferred their accounts from American Express to terminate any

agreement or relationship with American Express or to withdraw any investment or account currently with American Express for one year;

    F.    Direct Defendants to provide American Express with an accounting of all fees and commissions received by Defendants, directly or indirectly, after their resignation from American Express, from any American Express client whom either Defendant served or whose name became known to them while they represented American Express;

    G.    Direct Defendants to segregate all receipts from, and to maintain separate accounts for all services performed for and products sold to, any person who is or was an American Express client whom either Defendant served or whose name became known to either Defendant while Defendants represented American Express;

    H.    Grant American Express compensatory damages in excess of seventy-five thousand dollars ($75,000.00).

    I.    Award punitive damages as the Court deems appropriate;

    J.    Award of Attorneys' fees and costs; and

    K.    Grant such other relief as the Court deems appropriate.

Respectfully submitted,
AMERICAN EXPRESS FINANCIAL
ADVISORS, INC.

By its attorneys,

/s/ Anthony A. Scibelli

Anthony A. Scibelli (BBO #556507)
Brian E. Whiteley (BBO #555683)
Scibelli and Whiteley, LLP
Old City Hall
45 School Street, 3rd Floor
Boston, MA 02108
(617) 227-5725

-and-

Edward B. Magarian (MN No. 49219)
Todd W. Schnell (MN No. 252256)
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
(612) 340-2600

Dated: May 14, 2004