UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN EXPRESS FINANCIAL ADVISORS INC., <br><br> Plaintiff, <br><br> v. <br><br> MARY R. DeGON and <br> MATTHEW M. BRUCE, <br><br> Defendants. | AFFIDAVIT OF <br> SIOBHAN FITZGERALD <br><br> Civil Action No. ____ <br><br> 04-10979 RGS |

I, Siobhan Fitzgerald, do depose and state as follows:

1. I am a Field Compliance Manager for American Express Financial Advisors, Inc. ("AEFA" or "American Express") and have been employed by or affiliated with AEFA since December, 2003. I submit this affidavit in support of Plaintiff's request for injunctive relief.

2. I am over 21 years of age. Except to the extent indicated, I make this affidavit on personal knowledge.

3. On or about March 23, 2004, I learned that Mary DeGon and Matthew Bruce had informed their registered principal that they were intending on leaving AEFA. Subsequently, on March 24, 2004, I told their registered principal that their resignations would need to be in writing and that a copy would have to be sent to the AEFA Corporate Office, as per their Franchise Agreements. It was my understanding that I had no obligation to contact either regarding their resignation.

4. I subsequently learned, on April 19, 2004, that Ms. DeGon and Mr. Bruce had confirmed their decision to leave AEFA. However, there was no record of either advisor submitting a written notice of termination.

5. I have learned that Ms. DeGon and Mr. Bruce sent copies of their resignations letters, by facsimile, to the AEFA Corporate Office on May 3, 2004, but that the letters had been backdated to April 5, 2004. American Express' computer records show that Ms. DeGon's and Mr. Bruce's resignations were processed on May 6, 2004, and made effective as of April 19, 2004. Copies of those records are attached as Exhibits 1 and 2.

6. On May 7, 2004, I called Ms. DeGon's and Mr. Bruce's office to arrange to pick up the AEFA client files that they had in their possession. I spoke with Ms. DeGon who told me that she had been on vacation for the past 10 days and the files were not ready.

7. On May 10, 2004, I called Ms. DeGon's and Mr. Bruce's office again and spoke with Mr. Bruce. I told Mr. Bruce I would come the next day, May 11, to pick up the client files and take care of other actions related to the termination of their affiliation. Mr. Bruce put me on hold, where I waited for 15 minutes before hanging up and calling back. The telephone was answered by Ms. DeGon who stated she could not talk and that Mr. Bruce had left for the day.

8. On May 11, 2004, I called Ms. DeGon's and Mr. Bruce's office and again spoke with Mr. Bruce. Mr. Bruce told me that they were not returning any client files and were not going to allow me to come to the office.

9. Neither Ms. DeGon nor Mr. Bruce have returned any client files or other client information. Nor have they returned any of AEFA's other confidential information or manuals.

10. Each time I called Ms. DeGon's and Mr. Bruce's office, I called the same telephone number they used when they were affiliated with AEFA. They have not changed the telephone number or their facsimile number.

11. On May 12, 2004, I drove by Ms. DeGon's and Mr. Bruce's office. They had not removed any of the AEFA proprietary marks, but rather still had two signs that indicated they were affiliated with AEFA. Based on their action, it appears that they are continuing to represent themselves as franchisees of AEFA.

12. I have not been allowed to remove American Express' computer software from their computers. It is my further understanding that both Ms. DeGon and Mr. Bruce have accessed AEFA's computer system numerous times between April 19, 2004 and May 11, 2004. Attached to this affidavit as Exhibits 3 and 4 are computer printouts summarizing the contacts and actions taken by both individuals. These printouts were created, at my request, by AEFA's Advisor Business Systems department and are true and accurate information from AEFA's computer systems.

13. Neither Ms. DeGon nor Mr. Bruce have complied with any request that I have made and have not complied with the requirements contained in their Franchise Agreements, or the Addendum 3-R, as I understand those requirements.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 14TH DAY OF MAY, 2004.

_____
Siobhan Fitzgerald