UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10979-RGS

AMERICAN EXPRESS FINANCIAL
ADVISORS, INC.

v.

MARY R. DeGON and
MATTHEW M. BRUCE

MEMORANDUM AND ORDER
ON PLAINTIFF'S MOTION FOR A
PRELIMINARY INJUNCTION

May 26, 2004

STEARNS, D.J.

This matter came before the court on May 21, 2004, after the issuance of a short order of notice. Attorneys for American Express Financial Advisors, Inc. (American Express), appeared. Defendant Matthew Bruce also appeared pro se, indicating that he and his co-defendant Mary DeGon were in the process of obtaining counsel. The court agreed to postpone any decision on the requested preliminary injunction to May 25, 2004, to permit defendants' retained counsel to file a reply. Counsel filed a timely reply as instructed by the Court.

An award of a preliminary injunction requires (1) consideration of the movant's likelihood of success on the merits, and (2) the potential for irreparable harm, (3) a balancing of the relevant equities, and (4) a weighing of the effect that the award of an injunction might have on the public interest. Campbell Soup Company v. Giles, 47 F.3d 467, 470 (1st Cir. 1995). "Likelihood of success is the main bearing wall of the four-factor framework." Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir.

1996).

     Based on the pleadings and the defendants' sworn affidavits, I am persuaded that the extraordinary relief requested by American Express is not warranted.  I agree with defendants, that given American Express's right to expedited arbitration before a panel of the National Association of Securities Dealers (NASD) (which it has already requested), and the uniquely monetary nature of the damages, if any, that American Express might incur in the interim, the requisite showing of irreparable harm has not been made.  See American Express Financial Advisors Inc. v. Temm, 241 F. Supp. 2d 30, 33 (D. Me. 2003). Cf. Ocean Spray Cranberries, Inc. v. Pepsico, Inc., 160 F.3d 58, 61-62 (1st Cir. 1998).  I am further persuaded by the sworn affidavit of defendant Mary DeGon, submitted under penalty of perjury, that the likelihood of American Express prevailing on the most serious of the allegations contained in its Complaint is not high.  Ms. DeGon, supported by the sworn affidavit of her co-defendant, Matthew Bruce, swears that neither she nor Mr. Bruce are in possession of any proprietary material belonging to American Express, are not using any mark owned by American Express, are not holding themselves out to be representatives of American Express to existing or potential clients, and are not in possession of any American Express software.  To the extent that a dispute of fact exists over whether defendants complied with the requirement that they give two weeks notice of their resignations, as required by Addendum 3-R to their agreement with American Express, the documentary evidence submitted by both sides favors the defendants' contention that they did so.  Whether the notice given was strictly compliant with the terms of Addendum 3-R is a matter for the arbitration panel to decide.

## ORDER

For the foregoing reasons, American Express's request for a preliminary injunction is DENIED.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE